The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Richard Lee MARTINEZ, Defendant-Appellant.

No. 84CA0354.

Colorado Court of Appeals, Div. IV.

May 29, 1986.

Rehearing Denied June 26, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eric Perryman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Claire Levy, Deputy State Public Defender, Denver, for defendant-appellant.

SILVERSTEIN *, Judge.

Defendant, Richard Lee Martinez, appeals the judgment of conviction entered following a jury verdict finding him guilty of second degree sexual assault, second

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl. Vol. 10).

degree burglary, and being an habitual criminal. We affirm.

Two weeks prior to the date of trial, and three months before the speedy trial deadline, defendant's attorney moved to withdraw, alleging: (1) that defendant was unable to pay for the investigative services necessary to try the case effectively; (2) that substantial differences had arisen between defendant and his attorney as to how the case should be conducted; and (3) that the defendant had filed a grievance against him with the Supreme Court arising out of his conduct in this case. The basis of defendant's grievance complaint was that the attorney would not file motions to dismiss on the grounds that defendant was arrested without a warrant and that he had not been given his Miranda warnings at the time he was arrested. Defendant also complained that the attorney would not file a civil action for damages against the law enforcement agencies involved in his arrest.

At the hearing held on the motion to withdraw, a letter from the Supreme Court Grievance Committee was admitted in which the Committee advised defendant that it had reviewed the defendant's request for investigation, but could not act on the matter until defendant gave them more facts. There was no evidence presented indicating whether the defendant had provided the information requested. Defendant testified at the hearing that he had no objection to the attorney withdrawing if he reimbursed defendant's mother for the fees she had paid the attorney.

The trial court denied the attorney's motion to withdraw finding that no grounds for mandatory withdrawal existed under the Code of Professional Responsibility DR 2–110(B). The court held that the grievance complaint filed by defendant against his attorney was not sufficiently set forth for the court to conclude that "there is an irreconcilable difference creating a conflict between the two."

Defendant contends he was denied effective assistance of counsel by the trial court's erroneous denial of his attorney's motion to withdraw. We do not agree.

The standard for review in Colorado of a claim of not receiving effective assistance of counsel is "whether the advice [given by the attorney] was within the range of competence demanded of attorneys in criminal cases ... and whether the assistance rendered by the attorney demonstrates faithful representation of the interest of the clients." *People v. Blalock,* 197 Colo. 320, 592 P.2d 406 (1979); *People v. Swainson,* 674 P.2d 984 (Colo.App.1983). Further, disagreement by the defendant as to procedural strategy does not demonstrate an absence of effective assistance of counsel. *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *People v. Dennis,* 649 P.2d 321 (Colo.1982).

As stated in *People v. Schultheis,* 638 P.2d 8 (Colo.1981):

> "A decision as to whether counsel should be permitted to withdraw must lie within the sound discretion of the trial court. As long as the trial court has a reasonable basis for believing that the lawyer-client relationship has not deteriorated to the point where counsel is unable to give effective aid in the fair presentation of a defense, the court is justified in refusing to appoint new counsel."

The mere filing of a grievance because of disagreement as to trial tactics does not, without more, demonstrate that the relationship has deteriorated to a point at which counsel is unable to give effective aid to the client. *See People v. Lindsey,* 149 Cal.Rptr. 47, 84 Cal.App.3d 851, 2 A.L.R. 4th 485 (1978). Where, as here, defendant makes no claim that the attorney's conduct of the trial was in any way deficient, and the record discloses the attorney vigorously and competently represented the defendant's interest, the record reveals no violation of defendant's constitutional right to counsel and, hence, no basis for reversal of the judgment. *See United States v. Hart,* 557 F.2d 162 (8th Cir.1977).

The judgment is affirmed.

ENOCH, C.J., and HODGES, J., concur.