The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Michael J. FISHER, Defendant–Appellant.

No. 98CA0412.

Colorado Court of Appeals, Div. I.

April 27, 2000.

Rehearing Denied June 1, 2000.

Certiorari Denied Oct. 10, 2000.

Ken Salazar, Attorney General, Laurie A. Booras, Assistant Attorney General, Denver, Colorado, for Plainitff–Appellee.

Linda Perkins Cooke, L.L.C., Linda Perkins Cooke, Boulder, Colorado, for Defendant–Appellant.

Opinion by Judge NIETO.

Defendant, Michael J. Fisher, appeals the judgment of conviction entered on a jury verdict finding him guilty of felony murder, aggravated robbery, and conspiracy to commit aggravated robbery. We affirm.

On September 19, 1996, defendant, his co-defendant, and a woman were using drugs and wanted to obtain more. Lacking the funds to do so, the defendant and co-defendant arranged to steal drugs from the victim. At trial, there was evidence the plan called for the use of a gun to intimidate the victim and then to take her drugs without payment. When the victim refused to turn over the drugs, she was shot and killed by the co-defendant.

The court instructed the jury on the prosecution's theory of complicity:

#### Instruction 10

A person is guilty of an offense committed by another person if he is a complicitor. To be guilty as a complicitor, the following must be established beyond a reasonable doubt:

1. A crime must have been committed.

2. Another person must have committed all or part of the crime.

3. The defendant must have had knowledge that the other person intended to commit all or part of the crime.

4. The defendant must have had the intent to promote or facilitate the commission of the crime.

5. The defendant must have aided, abetted, advised or encouraged the other person in the commission or planning of the crime.

## I.

Defendant contends that, because it is "legally and logically impossible to be a complicitor to felony murder," the complicity instruction should not have been given. He argues that complicity requires that a defendant have the culpable mental state of the underlying offense, and therefore, since felony murder is a strict liability offense without any culpable mental state, complicity cannot apply to felony murder. We disagree.

Defendant misunderstands the legal theory of complicity. Section 18–1–603, C.R.S.1999, defines complicity as follows: "A person is legally accountable as principal for the behavior of another constituting a criminal offense if, with the intent to promote or facilitate the commission of the offense, he or she aids, abets, advises, or encourages the other person in planning or committing the offense."

The complicity statute does not create a substantive offense. *Palmer v. People*, 964 P.2d 524 (Colo.1998). "Complicity is a theory of law by which an accomplice may be held criminally liable for a crime committed by another person if the accomplice aids, abets, or advises the principal, intending thereby to facilitate the commission of the crime." *Bogdanov v. People*, 941 P.2d 247, 250 (Colo. 1997).

However, complicity is not a theory of strict liability. It requires that a defendant have the culpable mental state required for the underlying felony and intend that his or her conduct promote or facilitate the commission of the crime by the principal. Thus, the statutory *mens rea* definitions in § 18–1–501, C.R.S.1999, do not apply to complicity, and "intent," as used in § 18–1–603, C.R.S.1999,

retains its common meaning. *Bogdanov v. People, supra.*

There is no requirement that the principal intend the death of the victim in felony murder; felony murder is a strict liability crime. *People v. Meyer,* 952 P.2d 774 (Colo.App.1997). While felony murder is a strict liability crime, it requires as one of its elements that the principal commit a predicate felony. *People v. Jones*, 990 P.2d 1098 (Colo.App.1999). All the predicate felonies in § 18–3–102(1)(b) require proof of a culpable mental state. The underlying felony substitutes for the culpable mental state in felony murder. *People v. Priest*, 672 P.2d 539 (Colo.App.1983).

If a complicitor has the culpable mental state for the underlying felony, he or she in fact has the same culpable mental state as the principal, thus satisfying the first part of the "intent" requirement of the complicity statute. Because no intent to cause a death is required for felony murder, the second prong of the "intent" requirement can be met if the complicitor's purpose is to promote or facilitate the commission of the underlying felony.

Applying these principles, we conclude that it is neither illogical nor illegal to give an instruction on complicity in a felony murder trial when there is evidence to support a complicity theory. This has long been the law in Colorado. *See People v. Saiz*, 42 Colo.App. 469, 600 P.2d 97 (1979). Therefore, we hold that a defendant who acts as a complicitor in the underlying felony may be held criminally liable for a death that occurs during its commission pursuant to § 18–3–102(1)(b).

Because felony murder does not require intent to cause death, the defendant's analysis, taken to its conclusion, would excuse a complicitor who aided the principal and who had the same mental culpability as the principal. This would defeat the purpose of the complicity statute which provides that a complicitor is "legally accountable as principal." Section 18–1–603, C.R.S.1999. We cannot condone such an illogical result.

We also reject defendant's assertion that *People v. Meyer, supra,* should guide our analysis. *Meyer* holds that attempted felony murder is not a crime recognized in Colorado. Criminal attempt, § 18–2–101, C.R.S. 1999, requires that a defendant act with the same mental culpability required for commission of the crime attempted. Therefore, because felony murder is a strict liability crime without any culpable mental state, it is logically impossible to commit attempted felony murder.

However, *Meyer* is distinguishable from this case. Criminal attempt is a substantive crime, and the decision in *Meyer* construed the elements of proof required for its commission in the context of felony murder. In contrast, complicity is not a substantive crime, and the issue here is whether the defendant can be found guilty of felony murder as a *principal* under a theory of complicity. Consequently, the analysis in *People v. Meyer, supra,* is inapposite.

Defendant further argues that inclusion of the language "all or part of" in the complicity instruction was error. Defendant contends that this language allows conviction if the proof showed only that he intended to promote or facilitate part of the crime, the aggravated robbery, but did not intend to cause the death of the victim. This argument mirrors his previously discussed objections to the application of the complicity rules to felony murder, and for the reasons stated above, we are not persuaded.

We conclude the complicity instruction correctly informed the jury of the elements of proof required to hold defendant criminally liable for felony murder under the theory of complicity. *Bogdanov v. People, supra.*

## II.

Defendant next contends the trial court erred by admitting hearsay statements of a key witness. We disagree.

Defendant argued at trial that he did not know the co-defendant intended to use a gun in the commission of the crime. The prosecution presented a witness, the woman who accompanied the two defendants, to rebut this position. Defendant argues that, during her direct examination, certain hearsay statements were improperly admitted. The People argue that the statements in question were admissible under CRE 801(d)(1)(A) as prior inconsistent statements of the witness.

Defendant's objection at trial was that the statements were being used improperly as impeachment before the witness made an inconsistent statement in her testimony. Defendant now argues that the statements were improperly admitted as prior consistent statements. CRE 801(d)(1)(B). Since defendant did not object on the basis of CRE 801(d)(1)(B), this objection cannot be considered on appeal unless it is plain error. CRE 103(a); *People v. Kruse,* 839 P.2d 1 (Colo.1992). Plain error is error which undermines the fundamental fairness of the trial so as to cast doubt on the reliability of the conviction. *Woertman v. People,* 804 P.2d 188 (Colo.1991).

Before trial, the witness told law enforcement officials that defendant had participated in the planning of the crime. In this statement, she suggested that defendant knew the co-defendant intended to threaten the victim with a gun.

At trial, the prosecutor questioned the witness about her memory of the events, and she conceded that she presently remembered some details differently from those included in her previous statement. The prosecutor then proceeded to use the transcripts of those interviews to impeach her testimony. This was a sufficient deviation from her prior statement to allow the prosecutor to impeach the witness with her prior statement under CRE 801(d)(1)(A). Accordingly, we conclude that the evidence was properly admissible under CRE 801(d)(1)(A) and § 16–10–201, C.R.S.1999. Thus, there was no error, plain or otherwise.

Defendant further argues that § 16–10–201, C.R.S.1999, prohibits the admission of these prior inconsistent statements because they are not "otherwise competent evidence." The defendant asserts that the statements were not competent evidence because the witness had a strong motive to lie, and she had not acknowledged the accuracy of the statements. These objections go to

the weight of the evidence, but do not affect its competency. Therefore, the "otherwise competent evidence" requirement of § 16–10–201, C.R.S.1999, was met.

### III.

■ Defendant's final argument is that the trial court erred by denying his request for substitute counsel. In this appeal, defendant does not assert that his counsel was ineffective, and we express no opinion on that issue. He states that he will raise that issue in a Crim. P. 35(c) motion. Here, he merely asserts that the court's inquiry on this issue was inadequate.

■ A defendant must establish good cause in order to require substitution of counsel. *People v. Arguello,* 772 P.2d 87 (Colo.1989). When an indigent defendant voices objections to court-appointed counsel, the trial court has the obligation to inquire into the reasons for the dissatisfaction. *People v. Arguello, supra.*

The court held a hearing on defendant's first motion to dismiss counsel, and inquired in detail about defendant's concerns before denying the motion. Following that hearing, defendant filed several letters with the court concerning his dissatisfaction with his counsel and a second motion to dismiss his counsel. His attorneys also filed a motion to appoint conflict-free counsel to investigate defendant's claim of ineffective assistance of counsel. The trial court was adequately apprised of defendant's concerns regarding his representation, and again denied the defendant's motion.

■ Defendant is entitled to effective appointed counsel, but is not always entitled to new counsel of his choice. *People v. Arguello, supra.* Therefore it follows that, if counsel is effective, defendant has no right to demand new counsel. *People v. Martinez,* 722 P.2d 445 (Colo.App.1986). The burden is on defendant to show that his counsel was ineffective. *People v. Davis,* 849 P.2d 857 (Colo.App.1992), aff'd, 871 P.2d 769 (Colo. 1994). Since defendant does not here assert that his counsel was ineffective, any deficiency in the court's inquiry into the issue would be harmless error. *People v. Bolton,* 859

P.2d 303 (Colo.App.1993). The record shows that the court made an adequate inquiry into the reasons for the defendant's dissatisfaction with his attorneys, and it correctly denied the motions.

The judgment is affirmed.

Judge METZGER and Judge RULAND concur.