The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Nathaniel WILLIAMS, Defendant–Appellant.

No. 01CA1559.

Colorado Court of Appeals, Div. III.

Nov. 6, 2003.

Certiorari Denied April 26, 2004.

Ken Salazar, Attorney General, Karen E. Lorenz, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Cynthia Camp, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Nathaniel Williams, appeals from the judgment of conviction entered upon a jury verdict finding him guilty of second degree kidnapping, misdemeanor third degree sexual assault, attempted aggravated robbery, and menacing. He also appeals his sentence. We affirm.

In June 2000, around midnight, the victim returned home from work and parked on the street outside her apartment. As she was getting out of the car, defendant approached her and asked her for money or a ride downtown. When she refused, defendant opened the driver's side door, grabbed the victim by her hair, and put a knife to her throat. Defendant threatened that if she did not do what he said, he would cut her into pieces. At his insistence, she moved over to the passenger's seat and locked the passenger door. He then got into the car and closed the door.

The victim told defendant that she did not have any money, but that they could drive to an ATM machine and she could withdraw money. Defendant put the knife between his legs while he drove the victim's car. En route to an ATM, defendant asked the victim whether she would perform oral sex for him, but she indicated that she was not interested. He told her to lift up her dress, but when she would not, he lifted up her dress and put his hand between her legs, touching her vaginal area over her underclothing.

When they came to a stoplight, the victim noticed a police car next to them. She rolled down the window and screamed for help, then opened the car door and got out, falling to the ground. Defendant exited the car, denied knowing the victim, and disputed her account of the events. In the car, the officer found the knife which was of the same type used at the restaurant where defendant worked as a chef.

## I.

Defendant contends the trial court abused its discretion by not allowing him to cross-examine the victim regarding the circumstances surrounding her prior conviction. We disagree.

■ CRE 608(b) permits a trial court, in its discretion, to admit evidence of specific instances of conduct on cross-examination if it is probative of truthfulness or untruthfulness. We will not disturb the trial court's ruling unless abuse of that discretion is shown. *People v. Jones,* 971 P.2d 243 (Colo. App.1998).

CRE 608(b) is substantially similar to its federal counterpart, and, therefore, we may look to federal authority for guidance in construing the state rule. *See Bernal v. People,* 44 P.3d 184 (Colo.2002). The advisory committee notes to the federal rule warn that "[e]ffective cross-examination demands that some allowance be made for going into matters of this kind, but the possibilities of abuse are substantial." Consequently, courts need to employ safeguards, including disallowing cross-examination about conduct that is remote in time and applying the protections of Fed.R.Evid. 403 to exclude evidence whose probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed.R.Evid. 608 advisory committee note.

Here, defendant sought to cross-examine the victim regarding the conflicting stories she gave to law enforcement officers investigating her for felony shoplifting in 1991. The trial court determined that because the shoplifting incident was ten years old, it was too remote and should not be admitted. Pursuant to CRE 403, the trial court also found that any probative value would be substantially outweighed by its prejudicial effect and thus the evidence should be excluded.

We agree with the trial court's reasoning. Further, the victim was not charged with false reporting related to the shoplifting incident, and she was not untruthful about the actions of another. Because of the remoteness of the incident and its dissimilarity to the circumstances of this case, admission of the evidence would have caused undue delay, waste of time, and confusion. Under these circumstances, we conclude that the trial court did not abuse its discretion, and its ruling will not be disturbed on appeal. *See Itin v. Ungar,* 17 P.3d 129, 137 (Colo.2000)(trial court did not abuse its discretion by prohibiting questions concerning thirty-year-old Securities and Exchange Commission sanction).

## II.

■ Defendant next argues the trial court abused its discretion in allowing the People to question the victim on redirect examination regarding how she felt about being cross-examined by defense counsel. Defendant argues that the questions constituted argument by the People and were posed to denigrate defense counsel, thereby depriving defendant of his right to a fair trial. We perceive no reversible error.

■ Arguments made for the obvious purpose of denigrating defense counsel are improper and constitute professional misconduct. *People v. Darbe,* 62 P.3d 1006, 1013 (Colo.App.2002). When the defendant objects to the prosecution's comments at trial, the trial court's admission of those comments is evaluated under a harmless error standard. *People v. Dunlap,* 975 P.2d 723, 759 (Colo.1999). A conviction will not be reversed because of an erroneous ruling if the error is harmless, that is, it does not substantially influence the verdict or affect the fairness of the proceedings. *People v. Jensen,* 747 P.2d 1247, 1250 (Colo.1987).

During the People's redirect examination of the victim, the following questions were asked:

Prosecutor: [Victim], has it been a pleasant experience for you today?

Defense Counsel: Objection, Your Honor. It's irrelevant.

The Court: Overruled.

Prosecutor: Has it been a pleasant experience for you today?

Victim: Right now I'm very angry. May I speak about my anger?

Prosecutor: Yes.

Defense Counsel: Your Honor, that is nonresponsive.

The Court: Ma'am, just answer the questions that are asked of you. . . .

Prosecutor: Was it pleasant going through the direct examination and having to address these 13 people as to what happened to you on June 25 and 26 of the year 2000?

Defense Counsel: Objection. Asked and answered.

The Court: Overruled.

Victim: No, it was not pleasant.

Prosecutor: Was it pleasant to be cross-examined by [defense counsel] a moment ago?

Victim: No.

Prosecutor: Was it pleasant back in August when [defense counsel] had you subpoenaed and called you to the stand to talk about this in August?

Victim: No.

The People do not assert that the trial court acted within its discretion in allowing these questions. To the contrary, they contend that these questions constitute harmless error. We agree.

The evidence presented at trial overwhelmingly corroborated the victim's account of the events. The People demonstrated that defendant did not know the victim, yet he was driving her vehicle while in possession of a knife, and the passenger side door was locked. The knife was the same type as those used at the restaurant where defendant was employed. Taking the record as a whole, we conclude that the People asked relatively few questions regarding the victim's comfort. The questions took up only a few minutes of the People's extensive direct and redirect examination of the victim.

Accordingly, we conclude that the admission of this testimony was harmless error.

## III.

▮ Defendant also asserts that a former version of § 18–3–302(3)(a), the enhancement provision of the second degree kidnapping statute, violates the Equal Protection Clause of the state and federal constitutions because it provides the same sentence enhancement whether accompanied by misdemeanor or felony sexual assault. Thus, because defendant was convicted of second degree kidnapping and misdemeanor sexual assault, he contends that he was unfairly subjected to the same punishment as one who committed a second degree kidnapping accompanied by a felony sexual assault. We reject defendant's argument.

▮ Equal protection of the laws is guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process clause of the Colorado Constitution, which provide that similarly situated people should receive similar treatment under the law. U.S. Const. amend. XIV; Colo. Const. art. II, § 25. It is the prerogative of the legislature to set the penalties for criminal offenses. *People v. Bramlett,* 194 Colo. 205, 210, 573 P.2d 94, 97 (1977). However, "[e]qual protection requires that statutory classifications of crimes be based on differences that are real in fact and are reasonably related to the purposes of the legislation." *People v. Weller,* 679 P.2d 1077, 1082 (Colo. 1984).

The version of § 18–3–302 in effect in June 2000 stated, in pertinent part:

(1) Any person who knowingly seizes and carries any person from one place to another, without his consent and without lawful justification, commits second degree kidnapping.

. . . .

(3) Second degree kidnapping . . . is a class 2 felony if the person kidnapped:

(a) Is a victim of a sexual assault. . . .

Colo. Sess. Laws 1987, ch. 116, § 18–3–302(1) at 615; Colo. Sess. Laws 1981, ch. 214, § 18–3–302(3), at 983; *cf.* § 18–3–302, C.R.S.2003 (effective April 29, 2003, second degree kidnapping is a class 2 felony if the person is the victim of "a sexual offense pursuant to part 4 of this article").

Second degree kidnapping alone is a class four felony, punishable by a possible sentence of two to sixteen years, while second degree kidnapping accompanied by a sexual assault is a class two felony, punishable by a possible sentence of sixteen to forty-eight years. *See* § 18–1.3–401, C.R.S.2003. However, because the statute did not qualify the term "sexual assault," it provided the same sentence enhancement for both misdemeanor and felony sexual assault.

In *People v. Nguyen,* 900 P.2d 37, 41 (Colo. 1995), the Colorado Supreme Court held that the General Assembly may punish different crimes with the same penalty as long as it does not punish a more serious crime with a less severe penalty. However, equal protection is violated where a sentencing scheme punishes with greater severity those who cause less grievous harm. *Smith v. People,* 852 P.2d 420, 422 (Colo.1993).

Here, the applicable version of § 18–3–302 did not punish a more serious crime with less severity. Instead, the General Assembly chose to punish with the same severity in all cases where kidnapping was accompanied by sexual assault. It is the General Assembly's prerogative to declare that kidnapping accompanied by any act constituting sexual assault should be punished more severely than kidnapping unaccompanied by sexual assault. *See People v. Nguyen, supra; People v. Bramlett, supra.* Section 18–3–302 reflects the legislature's judgment that all acts constituting sexual assault, when performed during a kidnapping, are "equally heinous in the eyes of the law." *People v. Aragon,* 653 P.2d 715, 719 (Colo.1982)(the same penalty for the same crime with alternative culpability requirements did not violate equal protection).

Therefore, the sentence enhancement in § 18–3–302 did not violate defendant's right to equal protection.

Accordingly, the judgment and sentence are affirmed.

Judge NIETO and Judge CARPARELLI concur.