The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Tam **HUYNH**, Defendant–Appellant.

No. 01CA2140.

Colorado Court of Appeals, Div. V.

March 11, 2004.

Rehearing Denied April 15, 2004.

Certiorari Denied Oct. 4, 2004.*

* Justice COATS does not participate.

Ken Salazar, Attorney General, Christine C. Brady, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

James Grimaldi, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge DAILEY.

Defendant, Tam Huynh, appeals the judgment of conviction entered upon jury verdicts finding him guilty of felony murder, robbery, kidnapping, and unauthorized use of a financial device. We affirm in part and vacate in part.

The bound and gagged body of an Asian–American businessman was found in a duffel bag in his truck. The businessman died of asphyxia brought on by the way his body had been bound and positioned.

Defendant and others were found to be using, and in possession of, the businessman's credit cards. This evidence, plus incriminating statements by defendant and the testimony of an accomplice, linked defendant to various stages in the execution of a plan to rob and kidnap the victim.

At trial, defendant's theory of defense was that he became involved in the venture only after others had committed the robbery, kidnapping, and murder, and only to the extent of attempting to pass as the owner of the victim's credit cards, inasmuch as he too is Asian–American.

The jury found defendant guilty as charged and the trial court entered judgment of convictions on all counts.

## I.

■ Defendant contends that his convictions must be vacated because they were obtained pursuant to an indictment which did not confer jurisdiction upon the court. We disagree.

A grand jury was investigating the death of the victim when defendant was arrested. The prosecution filed in county court a criminal complaint and then an amended criminal complaint charging defendant with the crimes at issue here. Subsequently, and before the date scheduled for defendant's preliminary hearing, however, the grand jury returned an indictment charging defendant with the same crimes.

Defendant requested dismissal of the indictment, arguing that the court had no jurisdiction over the indictment because he had already been charged by way of complaint, and that proceeding under the indictment would obviate the need for, and thus his opportunity to cross-examine witnesses at, a preliminary hearing. In response, the prosecutor sought and was granted leave to dismiss the pending criminal complaint. Therefore, the trial court denied defendant's motion, and no preliminary hearing was held.

A court's jurisdiction over a criminal matter is invoked by the filing of a complaint, an information, or an indictment. Section 16–5–101(1), C.R.S.2003; Crim. P. 5(a)(4)(IV)(V). Our statute and rule neither explicitly allow nor prohibit the filing of an indictment while a previously filed complaint or information is still pending. Section 16–5–101(1); Crim. P. 5(a)(4)(IV)(V). However, the statute and rule permit the filing of a grand jury indictment after a county court has dismissed an information for lack of probable cause at a preliminary hearing, see *People v. Noline*, 917 P.2d 1256, 1257 (Colo.1996), and we perceive no reason why a grand jury indictment cannot be substituted for a pending complaint or information.

We reject defendant's assertion that, after the filing of criminal charges, a grand jury's continuing ex parte investigation violates the accused's constitutional rights to the assistance of counsel and cross-examination of witnesses at a preliminary hearing.

■ The purpose of a preliminary hearing is to determine whether there is probable cause to believe that an offense was committed and that the person charged committed it. *See, e.g., People v. Villapando*, 984 P.2d 51, 55 (Colo.1999); *People v. Dist. Court*, 803 P.2d 193, 196 (Colo.1990). Because a grand jury makes this same probable cause assessment, a defendant has no right to a preliminary hearing after a grand jury has returned an indictment. *People v. Dist. Court*, 199 Colo. 398, 401, 610 P.2d 490, 492 (1980)("an indictment is the culmination of the probable cause screening process of the grand jury and that procedure functions as a constitutionally adequate substitute for a preliminary

hearing"); *see also United States v. Aranda–Hernandez,* 95 F.3d 977, 979 (10th Cir.1996)(although defendant was initially detained under information, once indictment returned, there was no need for a preliminary hearing); *Jenkins v. State,* 305 A.2d 610, 614–15 (Del.1973)(superseding indictment eliminates need for preliminary hearing).

In accord with other jurisdictions, we conclude that there is no impediment to the prosecution proceeding on the basis of an indictment that supersedes earlier filed charges in a case. *See, e.g., Jaben v. United States,* 381 U.S. 214, 220, 85 S.Ct. 1365, 1369, 14 L.Ed.2d 345 (1965)("the Government must proceed through the further steps of the complaint procedure by affording the defendant a preliminary hearing as required by Rule 5, unless before the preliminary hearing is held, the grand jury supersedes the complaint procedure by returning an indictment"); *State v. Woods,* 114 Ariz. 385, 387, 561 P.2d 306, 308 (1977)(even though preliminary hearing had commenced, grand jury indictment superseded complaint and preliminary hearing and gave court jurisdiction over defendant), *overruled on other grounds by State v. Avila,* 127 Ariz. 21, 24, 617 P.2d 1137, 1140 (1980); *Jenkins v. State, supra,* 305 A.2d at 614–15 (rejecting claim that superseding indictment improperly deprived defendant of discovery opportunity available in a preliminary hearing); *State v. Nelson,* 131 Idaho 210, 953 P.2d 650, 653–54 (Ct.App. 1998) (reaffirming right of a prosecutor, after initially commencing a prosecution by way of complaint, to proceed instead by way of superseding indictment; rejecting claim that abandonment of earlier charging method improperly deprived defendant of opportunity to confront and cross-examine witnesses against him at a preliminary hearing); *State v. Knighten,* 260 Kan. 47, 56, 917 P.2d 1324, 1331 (1996)(grand jury indictment supersedes a preliminary hearing if the grand jury finds probable cause before the defendant has had a preliminary hearing).

Defendant's reliance on *People v. Williams,* 987 P.2d 232 (Colo.1999), for a contrary result is misplaced. In *Williams,* the supreme court was concerned with the potential for prosecutorial harassment arising from the dismissal and subsequent refiling of cases. *People v. Williams, supra,* 987

P.2d at 237. Here, the prosecution did not dismiss and at some later date seek to refile the case. Nor did the prosecution attempt to circumvent a timely probable cause determination; the grand jury determined probable cause, and its determination was subjected to further review by the court as provided by § 16–5–204(4)(k), C.R.S.2003.

## II.

■ Next, defendant contends that reversal is required because, through comments made in rebuttal closing argument, the prosecution constructively amended the charges in the case. We disagree.

■ Two types of variance may arise at trial between the offense in the charging instrument and the offense of which a defendant is convicted. A "constructive amendment" occurs when the evidence at trial changes an element of the charged offense and alters the substance of the charging instrument. A "simple variance" occurs when the charged elements are unchanged, but the evidence at trial proves facts materially different from those alleged. *People v. Rodriguez,* 914 P.2d 230, 257 (Colo.1996); *People v. Carlson,* 72 P.3d 411, 415 (Colo. App.2003).

■ While a constructive amendment to the charges is reversible per se, *see People v. Foster,* 971 P.2d 1082, 1087 (Colo.App.1998), a simple variance does not require reversal unless it prejudices the defendant's substantive rights. *See People v. Carlson, supra,* 72 P.3d at 415 ("We will generally sustain a conviction when the proof corresponds to the elements of an offense set out in the charging instrument.").

■ Generally, a variance between the specific date alleged in the charging document and that which is proved at trial is not fatal. *See People v. Adler,* 629 P.2d 569, 571 (Colo.1981); *People v. Young,* 923 P.2d 145, 148 (Colo.App.1995).

Here, defendant challenges the prosecution's remark that he could be held responsible as a complicitor based, in part, upon an act which occurred some weeks before the date specified in the indictment. Inasmuch

as this variance relates only to the possible date or dates of defendant's participation in the crimes, it does not warrant reversal as a constructive amendment to the charges. *See People v. Adler, supra; People v. Young, supra.*

Nor would it require reversal as a "simple variance." The evidence upon which the prosecution based its remark was known to defendant well in advance of trial. Indeed, the evidence was a portion of a statement defendant had given police, and defendant's failure to object to the prosecution's remark indicates that he was not surprised by it. Inasmuch as defendant has made no showing that the variance here impaired his ability to defend against the charge or to plead the judgment as a bar to a subsequent proceeding, he is not entitled to reversal. *See People v. Adler, supra; People v. Young, supra.*

### III.

■ Defendant contends that the trial court erred in not suppressing evidence obtained in violation of his constitutional right to be free from unreasonable searches and seizures. We are not persuaded.

Two police officers stopped defendant and another person after recognizing their car from a previously received bulletin that depicted three people and a car connected to the use of the victim's credit cards. Other officers were called to the scene with copies of the bulletin, and the two men and their car were matched up with the photographs in the bulletin. A search of the car uncovered a fanny pack, containing the victim's credit cards and Social Security card, under the driver's seat.

At the suppression hearing, defendant elected, without further elaboration, simply to stand upon his motion to suppress. The grounds for suppression cited in the motion were that "[t]here was no warrant, no reasonable suspicion, and no probable cause that justified the search of the defendant's automobile."

The trial court denied defendant's motion to suppress evidence, finding that the initial two officers had probable cause to stop the car based on one officer's "recognition of the vehicle as identified in the bulletin" and the car's improper tires, cracked windshield, and dangling item from the rearview mirror.

On appeal, defendant asserts that the police did not have adequate justification to stop the car which he was driving. While we agree that the police did not have probable cause to arrest defendant when they pulled him over, police may nonetheless stop an automobile upon a reasonable suspicion of criminal activity. *See People v. Rodriguez,* 945 P.2d 1351, 1359 (Colo.1997).

■ Reasonable suspicion is a commonsense proposition. *People v. H.J.,* 931 P.2d 1177, 1180 (Colo.1997). It is "considerably less than proof of wrongdoing by a preponderance of the evidence and is less demanding even than the 'fair probability' standard for probable cause." *People v. Polander,* 41 P.3d 698, 703 (Colo.2001). It is satisfied if "the police have specific and articulable facts, greater than a mere hunch, to support" their belief that the person to be stopped is or may have been involved in criminal activity. *People v. Boylan,* 854 P.2d 807, 812 (Colo.1993); *accord People v. Polander, supra,* 41 P.3d at 703 (reasonable suspicion exists if "the police possess some minimal level of objective suspicion (as distinguished from a mere hunch or intuition) that the person to be stopped is committing, has committed, or is about to commit a crime").

Here, we conclude the requisite articulable reasonable suspicion existed to stop defendant's car as a result of the officer's observations that (a) the car was the same color and make, and it had the same peculiar tire feature, as the car used by suspects in a homicide; and (b) the car had a cracked windshield and an item dangling from the rearview mirror. *See People v. Melanson,* 937 P.2d 826, 834 (Colo.App.1996)(reasonable suspicion from tip that a possible crime was being committed by person driving white Cadillac with out-of-state plates); *see also People v. Jackson,* 948 P.2d 506, 508 (Colo.1997)(reasonable suspicion from cracked taillight and windshield and missing headlight); *People v. Altman,* 938 P.2d 142, 145 (Colo.1997)(reasonable suspicion from cracked windshield and obstructed license plate).

Further, probable cause to arrest, and consequently, to search the passenger compartment of the car incident to arrest, arose when, shortly thereafter, the officers were able to confirm their suspicion by comparing the appearance of the suspects and their car to the individuals and car depicted in the bulletin. *See People v. Rogers,* 68 P.3d 486, 489 (Colo.App.2002)(discussing probable cause standard in general); *see also People v. McMillon,* 892 P.2d 879, 883–85 (Colo.1995)(discussing searches of cars incident to arrest).

Defendant argues, however, that probable cause arose here only after the parameters of a lawful stop had been exceeded under *People v. Rodriguez, supra,* 945 P.2d at 1362–63. However, because this argument was not presented to the trial court, we decline to address it. *See People v. Rogers, supra,* 68 P.3d at 490 (issues not raised in suppression hearing need not be addressed on appeal).

Thus, we uphold the trial court's ruling, albeit on somewhat different grounds from those upon which it relied. *See People v. Aguirre,* 839 P.2d 483, 486 (Colo.App.1992)(appellate court can affirm judgment based on reasoning different from that of trial court).

## IV.

We are not persuaded by defendant's contention that reversal is required because of two evidentiary rulings by the trial court.

### A.

On direct examination, the prosecution's primary witness testified that, under her plea agreement, she would testify against defendant and plead guilty to a charge of theft in return for the dismissal of charges of robbery, kidnapping, murder, and unlawful use of credit card. She also related that she had been charged with another felony while awaiting sentencing. She acknowledged that the charge was for introduction or possession of marijuana in a detention facility and that, pursuant to further plea negotiations, that charge resulted in a sentence which would run concurrently with, and be suspended like, her sentence for theft.

Defendant was prohibited from cross-examining the witness about the facts underlying her felony contraband conviction.

A witness may be impeached under § 13–90–101, C.R.S.2003, by proof of a prior felony conviction. "However, the scope of questioning ... is generally limited to the name, nature and date of the offense for which the witness was convicted," and "detailed questions as to the facts underlying the prior offense ... are improper unless relevant for impeachment purposes." Robert J. Dieter, *Colorado Criminal Practice and Procedure* § 19.42 at 381 (1996); *see People v. Cooper,* 950 P.2d 620, 624 (Colo.App. 1997)("any details elicited must be relevant to the offense currently charged"), *rev'd on other grounds,* 973 P.2d 1234 (Colo.1999).

Here, defendant wanted to elicit the fact that the witness was attempting to smuggle marijuana into a jail. The trial court did not abuse its discretion in precluding this line of inquiry because this fact was immaterial to the witness's bias or motivation for testifying. *See People v. James,* 40 P.3d 36, 42–43 (Colo.App.2001)(discussing inquiries into plea bargain).

We decline defendant's invitation to find reversible error under CRE 608(b), which permits a trial court, in its discretion, to admit evidence of specific instances of conduct on cross-examination if it is probative of truthfulness or untruthfulness. *See People v. Williams,* 89 P.3d 492, 2003 WL 22509398 (Colo.App. No. 01CA1559, Nov. 6, 2003). Inasmuch as defendant did not raise this argument in the trial court, reversal is not warranted in the absence of plain error, Crim. P. 52(b); *People v. Kruse,* 839 P.2d 1, 4 (Colo.1992), and plain error is not evident here. *See United States v. Castro,* 89 F.3d 1443, 1457–58 (11th Cir.1996)(no abuse of discretion to find evidence of soliciting help to smuggle marijuana inadmissible under Fed.R.Evid. 608(b)); *United States v. Tillem,* 906 F.2d 814, 827 (2d Cir.1990)(no abuse of discretion to find evidence of smuggling inadmissible under Fed.R.Evid. 608(b)); *see also People v. Jones,* 971 P.2d 243, 245 (Colo.App.1998)(citing *United States v. Tillem, supra,* with approval).

## B.

■ Defendant asserts that the trial court erred in excluding evidence that one of defendant's accomplices was wanted in another state for robbery, kidnapping, and murder when the crimes occurred in this case. We are not persuaded.

In the trial court, defendant argued that this inquiry was permissible to show that the primary witness, who had testified that she originally lied to the police because she was afraid for her life, was afraid of someone other than defendant. The trial court asked the witness in camera about her knowledge of these alleged acts, and after she related that she had not learned that the person was wanted for similar crimes elsewhere until "way after" she was charged, the trial court ruled the evidence inadmissible.

On appeal, defendant no longer argues that this line of inquiry was permissible to show the witness's state of mind. Instead, he argues, for the first time, that evidence that the accomplice was wanted elsewhere on similar charges was independently admissible as alternative suspect evidence under CRE 404(b). According to him, this was modus operandi evidence that rebutted the prosecution's argument that defendant's assistance was required to commit the crime.

However, because this argument is raised for the first time on appeal, reversal is not warranted in the absence of plain error. *See People v. Fisher,* 9 P.3d 1189, 1192 (Colo.App.2000)(different hearsay objection raised on appeal). Here, no plain error is evident, inasmuch as the record contains no facts demonstrating similarities between the alleged out-of-state crimes and the crimes here, *see People v. Rath,* 44 P.3d 1033, 1042 (Colo.2002)(discussing admissibility of modus operandi evidence), and the evidence appears to have been inadmissible anyway. *See People v. Manners,* 713 P.2d 1348, 1351–52 (Colo.App.1985)(other crimes evidence "offered to show that another party's guilt is inconsistent with and excludes the defendant's guilt, is irrelevant if the defendant is an accomplice or an accessory").

## V.

Defendant contends that the trial court erred in failing sua sponte to instruct the jury on the use of (1) felony convictions to impeach witness credibility and (2) evidence of unexplained and exclusive possession of recently stolen property to infer guilt. We disagree.

■ Defendant neither requested, nor objected to the lack of, the instructions he now asserts should have been given at trial. Consequently, we review only for plain error. *See* Crim. P. 30, 52(b). In this context, plain error does not occur unless review of the entire record demonstrates that the error so undermined the fundamental fairness of the trial as to cast serious doubt on the reliability of the conviction. *People v. Shepherd,* 43 P.3d 693, 696 (Colo.App.2001).

■ The court's failure to sua sponte instruct the jury on the use of felony convictions as impeachment evidence does not undermine the reliability of defendant's conviction. *See People v. Rogers, supra,* 68 P.3d at 494 (rejecting same plain error argument).

■ Nor do we perceive plain error from the court's failure to instruct the jury on the assessment of evidence of unexplained and exclusive possession of recently stolen goods. Because no instruction emphasized that the jury could draw an inference of guilt from defendant's unexplained possession of the stolen credit cards, there was no corresponding need to emphasize any precautionary principles. Indeed, the jury was adequately informed of these principles through the court's instructions on the presumption of innocence, the prosecution's burden of proof, the lack of any obligation on defendant's part to testify, and the fact that no inference of guilt may be drawn, or other prejudice arise, on account of defendant's failure to testify. *Cf. People v. Hampton,* 758 P.2d 1344, 1356 (Colo.1988)(other instructions mitigated any possible jury confusion from a modified *Wells* instruction).

## VI.

■ Finally, we agree with defendant that, under § 18–1–408(1), C.R.S.2003, and *People v. Bartowsheski,* 661 P.2d 235, 245–46 (Colo.1983), he may not be simultaneously convicted of felony murder *and* the felony

upon which the felony murder conviction rests. However, we reject his request that we remand the case with directions to strike either the felony murder conviction or both the robbery and kidnapping convictions on which it is supposedly predicated.

■ To give maximum effect to the jury's verdicts, we will not vacate the felony murder conviction, which carries with it a life sentence. *See generally People v. Glover*, 893 P.2d 1311, 1314–15 (Colo.1995); *see People v. Rodriguez, supra*, 914 P.2d at 286–87 (conviction for more serious crime of first degree murder would not merge into conviction for less serious crime of aggravated motor vehicle theft). And where a defendant is convicted of multiple felonies, all of which are alleged as the legal predicates for the commission of felony murder, only that felony which most directly contributes to the death of the victim should be vacated. *Callis v. People*, 692 P.2d 1045, 1054 (Colo.1984). In this case, that felony is kidnapping.

We reject the People's request that we instead vacate the robbery conviction to further maximize the effect of the jury's verdicts. Nothing in *People v. Glover, supra*, purports to modify the analysis the supreme court identified in *Callis v. People, supra*, for determining which underlying felony merges into a conviction for felony murder.

Accordingly, the judgment of conviction for kidnapping is vacated; otherwise, the judgment is affirmed.

Judge VOGT and Judge STERNBERG ** concur.