FILED
United States Court of Appeals
Tenth Circuit

**March 4, 2016**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL FISHER,

     Petitioner - Appellant,

v.

RICK RAEMISCH, Exec Director
Colorado Dept of Corrections; JOHN
DAVIS, Warden, Buena Vista
Correctional Facility; JOHN SUTHERS,
Attorney General, State of Colorado,

     Respondents - Appellees.

No. 15-1368
(D.C. No. 1:13-CV-00146-REB)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE, GORSUCH** and **McHUGH**, Circuit Judges.

---

Petitioner Michael Fisher, a Colorado state prisoner appearing pro se, seeks a

certificate of appealability (COA) in order to appeal the district court's decision

dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. For

the reasons discussed below, we deny his request for a COA and dismiss this matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

# I

"On September 19, 1996, [Fisher], his co-defendant, and a woman were using drugs and wanted to obtain more." People v. Fisher, 9 P.3d 1189, 1190 (Colo. App. 2000) (Fisher I). "Lacking the funds to do so, [Fisher] and co-defendant arranged to steal drugs from the victim." Id. "When the victim refused to turn over the drugs, she was shot and killed by [Fisher's] co-defendant." Id.

Fisher was subsequently arrested and charged in Colorado state district court in connection with the crimes. He was convicted by a jury of felony murder, aggravated robbery, and conspiracy to commit aggravated robbery, and sentenced to a term of life imprisonment without the possibility of parole. Fisher unsuccessfully challenged his convictions on direct appeal and in a lengthy state post-conviction proceeding.

On January 22, 2013, Fisher initiated these federal habeas proceedings by filing an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court denied Fisher's application and dismissed the action as untimely on March 18, 2013.

Fisher appealed. On August 5, 2014, this court issued an opinion concluding that Fisher's application for federal habeas relief was not time-barred. Fisher v. Raemisch, 762 F.3d 1030, 1031, 1035 (10th Cir. 2014). Consequently, this court reversed the judgment of the district court and remanded for further proceedings.

On remand, the district court thoroughly addressed the merits of Fisher's application and concluded that he was not entitled to federal habeas relief. The district court also denied Fisher's application for COA. Judgment in the case was entered on

2

August 26, 2015.

Fisher has since filed a notice of appeal and now seeks a COA from this court.

II

Before Fisher can appeal to this court, he must first obtain a COA. 28 U.S.C. § 2253(c)(1)(A). We may grant him a COA only if he makes a "substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation marks omitted). To obtain a COA after a district court has rejected a petitioner's constitutional claims on the merits, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the [petitioner's] constitutional claims debatable or wrong." Id.

*Conflict of interest*

In the first of the two claims that he asserted in his application for federal habeas relief, Fisher argued that his trial attorneys were laboring under an actual conflict of interest, and that this conflict effectively deprived Fisher of his Sixth Amendment right to counsel. In support, Fisher noted that his trial attorneys worked for the Brighton office of the Colorado Public Defender's office (CPD), and he alleged that one of the prosecution's endorsed witnesses in his case, known by the initials M.S., was being represented in an unrelated case by attorneys who worked in the CPD's Denver office.

3

Fisher first asserted this claim in his application for state post-conviction relief. The state district court held an evidentiary hearing on the claim, during which Fisher's trial attorneys testified. At the conclusion of that hearing, the state district court found that Fisher's trial attorneys had never represented M.S. and that at least one of them had never heard of M.S. before, that M.S. had never shared any confidences with them, and that they did not have access to M.S.'s legal files. In addition, the state district court found credible the testimony from Fisher's trial attorneys regarding their strategy for cross-examining M.S. at Fisher's trial. Ultimately, the state district court determined that Fisher's trial attorneys were not laboring under an actual conflict of interest. Moreover, the state district court concluded that the prosecution presented other, overwhelming evidence of Fisher's guilt, and that, consequently, the statements of M.S. that were admitted at trial were not essential to Fisher's convictions.[1] As a result, the state district court denied relief on this claim.

On appeal, the Colorado Court of Appeals (CCA) affirmed the state district court's ruling, concluding that Fisher had failed to demonstrate an actual conflict of interest that adversely affected the representation provided by his trial attorneys, and that Fisher had

---

[1] M.S. did not actually testify at Fisher's trial. After the state trial court determined that M.S. was unavailable, it allowed a police detective to testify regarding statements that M.S. made to him. According to the detective's testimony, M.S. told him that after the victim was shot, he and Fisher burned the car in which the robbery and shooting occurred.
At the evidentiary hearing on Fisher's application for state post-conviction relief, one of his trial attorneys testified that the defense wanted M.S.'s statements to the detective to be admitted into evidence because they were consistent with the defense strategy.

also failed to establish that he was prejudiced by any potential conflict of interest.

The district court in these federal habeas proceedings concluded that the CCA's decision was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. In particular, the district court noted that the CCA's decision was not contrary to, or an unreasonable application of, the Supreme Court's decisions in Cuyler v. Sullivan, 446 U.S. 335, 348 (1980) ("In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance."), or Strickland v. Washington, 466 U.S. 668, 687-88 (1984) (outlining the requirements that a defendant must meet in order to establish a claim of ineffective assistance of counsel).

After carefully examining the record on appeal, we cannot say that reasonable jurists would find the district court's assessment of Fisher's claim debatable or wrong. Consequently, we conclude he is not entitled to a COA on this claim.

*Jury instruction on complicity*

In the second of his two claims, Fisher argued that his constitutional right to due process was violated because the state trial court, in its written instruction regarding complicity, failed to apprise the jury of the requisite mental state for the crime of accomplice to felony murder. That instruction stated:

> A person is guilty of an offense committed by another person if he is a complicitor. To be guilty as a complicitor, the following must be established beyond a reasonable doubt:

5

1. A crime must have been committed.

2. Another person must have committed all or part of the crime.

3. The defendant must have had knowledge that the other person intended to commit all or part of the crime.

4. The defendant must have had the intent to promote or facilitate the commission of the crime.

5. The defendant must have aided, abetted, advised or encouraged the other person in the commission or planning of the crime.

Dist. Ct. Docket No. 36 at 17. Fisher argues that the instruction's use of the phrase "all or part of the crime" would have improperly permitted the jury to convict him of felony murder even if it determined that he knew only that his co-defendant intended to commit the predicate act of robbery. According to Fisher, he could only be convicted under of felony murder as a complicitor if he knew that his co-defendant intended both the robbery and the murder.

Fisher first raised this claim on direct appeal. The CCA rejected it on the merits. In doing so, the CCA noted that Colorado's complicity statute "does not create a substantive offense," but rather "is a theory of law by which an accomplice may be held criminally liable for a crime committed by another person." Fisher I, 9 P.3d at 1191 (quotation marks omitted). The CCA noted further that Colorado's complicity statute "requires that a defendant have the culpable mental state required for the underlying felony and intend that his or her conduct promote or facilitate the commission of the crime by the principal." Id. But, the CCA emphasized, "[t]here is no requirement that the

6

principal intend the death of the victim in felony murder; felony murder is a strict liability crime." Id. The CCA in turn explained

> If a complicitor has the culpable mental state for the underlying felony, he or she in fact has the same culpable mental state as the principal, thus satisfying the first part of the "intent" requirement of the complicity statute. Because no intent to cause a death is required for felony murder, the second prong of the "intent" requirement can be met if the complicitor's purpose is to promote or facilitate the commission of the underlying felony.

Id. Finally, "[a]pplying these principles" to Fisher's case, id., the CCA "conclude[d] the complicity instruction correctly informed the jury of the elements of proof required to hold [Fisher] criminally liable for felony murder under the theory of complicity," id. at 1192.

The district court in this case "conclude[d] that the [CCA's] determination was not contrary to, or an unreasonable application of[,] Supreme Court law." Dist. Ct. Docket No. 36 at 22 (citing In re Winship, 397 U.S. 358, 364 (1970) (holding that the Due Process Clause requires the prosecution to prove every element of a charged offense beyond a reasonable doubt), and Waddington v. Sarausad, 555 U.S. 179, 190-91 (2009) (outlining what a habeas petitioner must demonstrate in order to show entitlement to relief on the basis of erroneous jury instructions given in a state criminal trial)). In support, the district court emphasized that "[t]he jury instruction on complicity, when considered together with the other instructions and the trial record, did not result in a violation of [Fisher's] federal due process rights." Id.

After examining the record on appeal, we again are unable to say that reasonable

7

jurists would find the district court's analysis of Fisher's claim debatable or wrong.  As a

result, we conclude he is not entitled to a COA on this claim.

III

Fisher's request for a COA is DENIED and the matter is DISMISSED.  Fisher's

motion to proceed *in forma pauperis* is GRANTED.


Entered for the Court


Mary Beck Briscoe
Circuit Judge